2. Analysis
In this case, Plaintiff argues AA had a duty to protect her from the injury on the plane allegedly caused by Jimmy *868 Lee. Plaintiff asserts AA had such a duty because its employees knew or should have known Lee was upset and a danger to other passengers in that prior to the incident Lee and his companion were arguing on the plane and in the gate area.
It is undisputed a common carrier-passenger relationship existed between AA and Plaintiff when Plaintiff was in transit on the plane. Although AA claims a common carrier-passenger relationship did not yet exist between AA and Plaintiff when Plaintiff was sitting in the gate area before she boarded the plane, we assume arguendo , and without deciding, that such a relationship existed.[7] Therefore, at all relevant times prior to the incident in this case, AA had a duty to exercise the highest degree of care to protect Plaintiff and other passengers from all dangers that were known or by the exercise of the highest degree of care should have been known by AA or its employees. See Bass , 661 S.W.2d at 612 ; Comment E to the Restatement (Second) of Torts section 314A ; see also Thiele , 838 S.W.2d at 443. Applying the preceding principle and heightened duty to the circumstances of this case, the issue here is whether AA or its employees knew or should have known that when Lee was on the plane, he would have injured Plaintiff in the manner alleged, i.e., he would have "got[ten] so angry [ ] his partner would not acknowledge him[ ] that he motioned forward, and then lunged back as hard as he could in the seat, which then crunched [Plaintiff's] knee." See id.
Before Plaintiff's alleged injury on the plane, neither Plaintiff nor her Husband attempted to report the behavior of Lee and his companion to an AA flight attendant. In addition, there were no AA flight attendants in the area when part of Lee's seat allegedly hit Plaintiff's knee because the attendants were elsewhere in the aircraft getting ready to begin snack service. While there was an AA flight attendant somewhere in the gate area when Lee and his companion were arguing before they boarded a plane, there is no evidence the attendant was aware of Lee's conduct in the gate area, and there is no evidence Lee was engaging in any sort of argumentative behavior as he was boarding the plane. Accordingly, there is no evidence in the record to support a finding AA or its employees knew Lee was a danger to Plaintiff or other passengers before the incident on the plane occurred.
We also find the evidence in the record before us does not show AA or its employees, even by the exercise of the highest degree of care, should have known Lee was a danger to Plaintiff or other passengers before the incident on the plane occurred. When Lee and his companion were arguing before they boarded a plane, the undisputed evidence shows *869 the men did not strike each other or get to a point where they were ready to strike each other. Moreover, there is no evidence the men were otherwise physical with one another, screaming, or using profanity. Instead, Lee and his companion were only loudly talking and exhibiting body language indicating they were having an argument. We find that although the behavior of Lee and his companion caused Plaintiff to feel alarmed and another family to move seats in the gate area, AA or its employees could not have reasonably anticipated a prospective passenger such as Lee, who was merely loudly talking and exhibiting body language, would be a danger to Plaintiff or other prospective passengers on the plane. This is especially true under the circumstances of this case, where there is no evidence Lee and his companion were behaving in such a manner when they boarded the flight, and the record shows Lee and his companion boarded the flight separately. Similarly, we find AA or its employees could not have reasonably anticipated Plaintiff's alleged injury from Lee's behavior on the plane prior to the incident, which consisted only of exhibiting body language intended to get his companion's attention, unfastening his seatbelt (which he was permitted to do at the time because the flight had reached its cruising altitude), standing up, and putting one knee on his seat.
Based on the record before us, the danger to Plaintiff allegedly caused by Lee was not known or reasonably foreseeable to AA or its employees. Accordingly, AA has established that Plaintiff, after an adequate period of discovery, has not and will not be able to produce evidence sufficient for the finder of fact to find AA had a duty to protect Plaintiff from her alleged injury. See Behrenhausen , 967 S.W.2d at 217 ; see also L.A.C. , 75 S.W.3d at 257 ; Thiele , 838 S.W.2d at 443 ; Bass , 661 S.W.2d at 612 ; Comment E to the Restatement (Second) of Torts section 314A. Because such a duty is an essential element of Plaintiff's negligence action, AA has demonstrated there is no genuine issue as to the material facts and it is entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor. See B.B. , 541 S.W.3d at 650 ; Street , 505 S.W.3d at 415-16 ; see also ITT , 854 S.W.2d at 376 ; Wilmes , 473 S.W.3d at 720 ; Blanks , 450 S.W.3d at 370 ; Heffernan , 73 S.W.3d at 664. Point two is denied.
C. Whether the Trial Court Erred in Granting Summary Judgment in Favor of Jimmy Lee
In Plaintiff's first point on appeal, she claims the trial court erred in granting summary judgment in favor of Jimmy Lee. In response, Lee asserts he is entitled to summary judgment because there is no evidence in the record that, (1) Lee owed a duty to Plaintiff when reclining his airline seat; or (2) Lee's conduct in reclining his airline seat was the cause-in-fact of Plaintiff's alleged injury. Because these were the only two grounds in Lee's motion for summary judgment and it is his burden to establish he is entitled to judgment as a matter of law, we limit our discussion accordingly. See Street , 505 S.W.3d at 416 ; see also ITT , 854 S.W.2d at 382.
1. Duty
We first turn to whether the summary judgment record sufficiently establishes Lee owed a duty to Plaintiff. As previously stated, the issue of whether a defendant had a duty to protect a plaintiff from injury is "purely a question of law." Wilmes , 473 S.W.3d at 720-21 and Owens , 166 S.W.3d at 92 (quoting L.A.C. , 75 S.W.3d at 257 ). A legal duty owed by one party to another may arise because the law imposes a duty under a particular set of *870 circumstances where a party must exercise due care to avoid a foreseeable injury to another.[8] Wilmes , 473 S.W.3d at 721 ; Hackmann , 308 S.W.3d at 239.
Under traditional principles of negligence, "a duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." Daoukas v. City of St. Louis , 228 S.W.3d 30, 35 (Mo. App. E.D. 2007) (quoting Cupp v. National R.R. Passenger Corp. , 138 S.W.3d 766, 772 (Mo. App. E.D. 2004) ) (quoting L.A.C. , 75 S.W.3d at 257 (quotations omitted) ). Moreover, "this duty is measured by whether a reasonably prudent person would have anticipated danger and provided against it." Id.
In this case, Lee argues it was not reasonably foreseeable he could have injured Plaintiff by reclining his airline seat, citing to materials attached to Lee's motion for summary judgment providing he was permitted to recline his seat back at the time of the alleged injury. While this evidence may support a conclusion that there is not a foreseeable likelihood an airline passenger who reclines a seat back in a relatively careful manner would cause harm or injury to a passenger sitting behind him, materials attached to Lee's motion for summary indicate Lee reclined his seat in a forceful manner. According to portions of Plaintiff's deposition testimony attached to Lee's motion for summary judgment, after Lee unfastened his seatbelt, stood up, and put one knee on his seat, he "got so angry [ ] his partner would not acknowledge him[ ] that he motioned forward, and then lunged back as hard as he could in the seat, which then crunched [Plaintiff's] knee."
As previously stated, in determining whether a genuine factual dispute exists, a court "must view the record in the light most favorable to the non-movant, which means that the movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing." Street , 505 S.W.3d at 416 (internal quotations omitted) (quoting ITT , 854 S.W.2d at 382 ). Viewing the record in the light most favorable to Plaintiff, a reasonably prudent person in the position of Jimmy Lee would have anticipated that forcibly lunging an airline seat would cause harm or injury to a passenger such as Plaintiff who is sitting directly behind him. Accordingly, Lee owed a duty to Plaintiff to protect her from injury under the circumstances of this case, and he is not entitled to summary judgment as to this element of Plaintiff's negligence cause of action. See L.A.C. , 75 S.W.3d at 257 ; Daoukas , 228 S.W.3d at 35 ; Cupp , 138 S.W.3d at 772 ; see also Street , 505 S.W.3d at 416 ; Wilmes , 473 S.W.3d at 720 ; Blanks , 450 S.W.3d at 370 ; Heffernan , 73 S.W.3d at 664.
2. Causation-in-Fact
We next turn to whether the summary judgment record sufficiently establishes Lee's conduct in reclining his airline seat was the cause-in-fact of Plaintiff's alleged injury. "A defendant's conduct is the actual cause, or cause-in-fact, of the plaintiff's injury where the injury would not have occurred 'but for' that conduct." Blanks , 450 S.W.3d at 372-73 ; see *871 Wilmes , 473 S.W.3d at 722 and Heffernan , 73 S.W.3d at 664 (similarly finding).
In this case, Lee argues Plaintiff cannot prove his conduct in reclining his airline seat was the cause-in-fact of Plaintiff's alleged injury because materials attached to Lee's motion for summary judgment indicate, inter alia : Lee's seat was fully operable and had no mechanical defects; the seatback on the seat assigned to Lee is the only part of the seat that moves when the reclining mechanism is engaged by the passenger; and the top of the seatback reclines a maximum of two inches. While this evidence may support a conclusion that part of Lee's seat may not have hit Plaintiff's knee, other materials attached to Lee's motion for summary judgment indicate part of Lee's seat did in fact hit Plaintiff's knee. Specifically, portions of Plaintiff's deposition testimony and portions of Plaintiff's Husband's deposition testimony that are attached to Lee's motion for summary judgment provide: Plaintiff is very tall and has very long legs; her knees were sitting "pretty close" to Lee's seatback before her alleged injury occurred; Lee "motioned forward, and then lunged back as hard as he could in the seat, which then crunched [Plaintiff's] knee"; although Plaintiff could not be specific as to which part of Lee's seat struck her knee because the incident happened so fast, something hit her knee and "crushed" it after Lee lunged forward and backwards in his seat; and Husband answered in the affirmative when he was asked if he saw Lee "recline[ ] his seat and the seat str[ike] [Plaintiff]."
We find the preceding materials submitted by Lee in support of his motion for summary judgment are inconsistent and require an evaluative judgment between two rationally possible conclusions as to whether a part of Lee's seat-back hit Plaintiff's knee and was the cause-in-fact of her alleged injury. "[M]aterials submitted by the movant that are, themselves, inconsistent on the material facts defeat the movant's prima facie showing." Street , 505 S.W.3d at 417 (emphasis in original) (quoting ITT , 854 S.W.2d at 382 ). Furthermore, summary judgment should be denied where the materials submitted by the movant require an evaluative judgment between two rationally possible conclusions, even if a court is convinced the evidence makes it unlikely the non-movant can prevail at trial. See id. ; Wilmes , 473 S.W.3d at 715. Therefore, Lee is not entitled to summary judgment on the basis there is no evidence in the record that Lee's conduct in reclining his airline seat was the cause-in-fact of Plaintiff's alleged injury. See id. ; see also Wilmes , 473 S.W.3d at 722 ("[t]he trier of fact normally decides causation, particularly where reasonable minds could differ as to causation based upon the facts of the case").
3. Conclusion as to Point One
Based on the foregoing, defendant Jimmy Lee has not established facts negating one of the elements of Plaintiff's negligence cause of action or that Plaintiff, after an adequate period of discovery, has not and will not be able to produce evidence sufficient for the finder of fact to find the existence of one of the Plaintiff's elements. See Wilmes , 473 S.W.3d at 720, 722 ; Blanks , 450 S.W.3d at 370, 372 ; Heffernan , 73 S.W.3d at 664. Accordingly, the trial court erred in granting summary judgment in favor of Lee under the circumstances of this case. See B.B. , 541 S.W.3d at 650. Point one is granted.
III. CONCLUSION
The portion of the trial court's judgment granting AA summary judgment on Plaintiff's negligence claim is affirmed. The portion of the trial court's judgment granting Jimmy Lee summary judgment on Plaintiff's *872 negligence claim is reversed, and we remand the cause for further proceedings in accordance with our opinion.
Gary M. Gaertner, Jr., P.J., and Angela T. Quigless, J., concur.

We note Missouri Courts have held that once a former passenger has safely departed from a common carrier and is in a reasonably safe place, such as a street, sidewalk, or an airport terminal, the common carrier-passenger relationship is terminated and the carrier is not liable for any injuries sustained by the former passenger. See Behrenhausen , 967 S.W.2d at 217-18 (citing Boyette , 954 S.W.2d at 352-54 ; Trader , 937 S.W.2d at 327 ; Sanford v. Bi-State Development Agency , 705 S.W.2d 572, 575 (Mo. App. E.D. 1986) ). In this case, it is unnecessary for us to decide whether a common carrier-passenger relationship existed between AA and Plaintiff when Plaintiff was a prospective passenger sitting in the gate area before she boarded the plane. As indicated below, even assuming arguendo that such a relationship existed, AA did not have a duty to protect Plaintiff from her alleged injury caused by Lee, because there is no evidence in the record to support a finding AA or its employees knew or by the exercise of the highest degree of care should have known Lee was a danger to Plaintiff or other passengers before the alleged injury in this case occurred.

A legal duty owed by one party to another may also arise under circumstances where, (1) it is prescribed by the legislature; (2) the law imposes a duty based upon a special relationship between the parties; or (3) a party has assumed a duty pursuant to a written or oral agreement. Wilmes , 473 S.W.3d at 721 ; Hackmann , 308 S.W.3d at 239. It is undisputed none of those circumstances apply to defendant Jimmy Lee here.